**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| YOLANDA HUGHES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DENIS McDONOUGH,<br><br>　　　　　Defendant. | Case No. 3:24-CV-00248-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Yolanda Hughes's ("Hughes") application to proceed *in forma pauperis* (ECF No. 2), and her *pro se* civil rights complaint (ECF No. 2-1). The Court will first address the *in forma pauperis* application, and then screen Hughes's civil rights complaint pursuant to 28 U.S.C. § 1915A.

I.　**IN FORMA PAUPERIS APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to the LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1]　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Hughes cannot pay the filing fee. (*See* ECF No. 2.) Accordingly, it is recommended that the IFP application be granted.

## II.  SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling

on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III. SCREENING OF COMPLAINT

In her complaint, Hughes sues her former employer, Defendant Denis McDonough of the Department of Veterans Affairs ("Defendant") for "harassment, retaliation, [and] identity theft". (ECF No. 2-1.) Hughes alleges unspecified "harassment" led to her being forced to quit on August 4, 2023. (*Id.* at 4.) Hughes seeks monetary relief. (*Id.*)

Even construing the allegations of Hughes's complaint liberally, the Court cannot conceive or construe any specific set of circumstances under which these conclusory

statements would give rise to any federal constitutional or statutory right. The complaint is vague, rambling, nonsensical, and consists of incomplete sentences. Dismissal on those grounds alone is appropriate. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). While Hughes's complaint does not currently state a claim for relief, she should be allowed to amend her complaint, as she could state a claim if she provided more information to the Court.

Accordingly, the Court recommends that Hughes be granted leave to file an amended complaint to cure the deficiencies of the complaint. If Hughes chooses to file an amended complaint, she is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Hughes should clearly title the amended pleading as "First Amended Complaint." For <u>each</u> claim, she must allege true <u>facts</u> sufficient to show that the Defendant discriminated against her. Hughes may not amend the complaint to add unrelated claims against other defendants.

The Court notes that, if Hughes chooses to file an amended complaint curing the deficiencies, as outlined in this order, Hughes must file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation. If Hughes chooses not to file an amended complaint curing the stated deficiencies, the Court recommends dismissal of this action for failure to state a claim.

///

///

## V. CONCLUSION

For the reasons stated above, the Court recommends that Hughes's application to proceed *in forma pauperis*, (ECF No. 2), be granted, and her complaint, (ECF No. 2-1), be dismissed with leave to amend.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## VI. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Hughes's *in forma pauperis* application, (ECF No. 2), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 2-1), but **NOT** issue summons at this time.

**IT IS FURTHER RECOMMENDED** that the complaint, (ECF No. 2-1), be **DISMISSED, with leave to amend**.

**IT IS FURTHER RECOMMENDED** that if Hughes chooses to file an amended complaint curing the deficiencies of her complaint, as outlined in this order, Hughes shall file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation. If Hughes chooses not to file an amended complaint curing the stated deficiencies, this action should be dismissed.

**DATED**: June 28, 2024

UNITED STATES MAGISTRATE JUDGE