UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| YOLANDA HUGHES, | Case No. 3:24-cv-00248-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DENIS McDONOUGH, | |
| Defendant. | |

*Pro se* Plaintiff Yolanda Hughes brings a civil rights action under 42 U.S.C. § 1983 against Denis McDonough of the Department of Veteran Affairs. (ECF No. 2-1 ("Complaint").) Hughes filed two applications to proceed in forma pauperis ("IFP"). (ECF Nos. 2, 5 ("IFP Applications")). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin, recommending that the first IFP Application be granted and the Complaint be dismissed with leave to amend. (ECF No. 4.) To date, Hughes has not filed an objection to the R&R. The Court will adopt the R&R in full and deny the second IFP application as moot.

Because there is no objection, the Court need not conduct *de novo* review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.").

**I.   IFP APPLICATIONS**

Judge Baldwin found that the first IFP Application established that Hughes cannot pay the filing fee. (ECF No. 4 at 1-2.) *See* LR 1-1. The Court agrees. Hughes' first IFP Application (ECF No. 2) is therefore granted, and her second IFP Application (ECF No. 5) is denied as moot.

## II. SCREENING OF COMPLAINT

Judge Baldwin then screened Hughes' complaint under 28 U.S.C. § 1915A. (ECF No. 4 at 2-5.) She found that Hughes' allegations—conclusory statements that Defendant engaged in harassment that forced her to quit her job in August 2023, blocked her social security and unemployment benefits, and retaliated against her through stalking and defamation—failed to state a claim upon which relief can be granted. (*Id.*; ECF No. 2-1 at 4.) The Court agrees that Hughes' pleading is incomplete and adopts the R&R in full. The Complaint is dismissed with leave to amend.

If Hughes chooses to file an amended complaint, that pleading must contain "a short and plain statement of the claim showing that [Hughes] is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). Each claim must include factual allegations describing how Defendant harassed, retaliated, and/or discriminated against her. Hughes may not amend her complaint to add unrelated claims against other defendants.

## III. CONCLUSION

It is therefore ordered that Judge Baldwin's R&R (ECF No. 4) is accepted and adopted in full as to Plaintiff's IFP Application (ECF No. 2) and the Complaint (ECF No. 2-1).

It is further ordered that Plaintiff's first IFP Application (ECF No. 2) is granted and thus her second IFP Application (ECF No. 5) is denied as moot.

The Clerk of Court is directed to file the Complaint but not to issue summons at this time.

It is further ordered that the Complaint (ECF No. 2-1) is dismissed with leave to amend.

Plaintiff has 30 days from the date of this order to file a first amended complaint that conforms to these recommendations. Failure to file an amended complaint within that period will lead to the dismissal of this action.

DATED THIS 19th Day of July 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE