UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| YOLANDA HUGHES, | Case No. 3:24-cv-00248-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DENIS McDONOUGH, | |
| Defendant. | |

*Pro se* Plaintiff Yolanda Hughes attempted to bring a civil rights action under 42 U.S.C. § 1983 against Denis McDonough of the Department of Veteran Affairs. (ECF No. 2-1.) The Court adopted the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 4), giving Plaintiff until August 18, 2024, to file an amended complaint that addressed the deficiencies identified in the R&R (ECF No. 6). Plaintiff never filed an amended complaint or otherwise responded to the order. There is no indication on the docket that she did not receive the Court's order, either. Thus, Plaintiff did not timely comply with the Court's order giving her the opportunity to file an amended complaint, and several months have passed.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order to file an amended complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992), *as amended* (May 22, 1992) (affirming the "district court's dismissal of [the pro se plaintiff's] second amended complaint for failure to comply with its order to amend that complaint").

In determining whether to dismiss an action on one of these grounds, the Court

must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Plaintiff files a viable amended complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Plaintiff needs

1  additional time.

2  It is therefore ordered that this case is dismissed, in its entirety but without
3  prejudice, for Plaintiff's failure to timely comply with the Court's order requiring her to file
4  an amended complaint if she wished to proceed with this action.

5  The Clerk of Court is directed to enter judgment accordingly and close this case.

6  DATED THIS 6th Day of December 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE